# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ERNEST TAFOYA,

   Plaintiff,

vs.               Civil No. 00-1712 JP/WWD

C/O JUSTIN SMITH,
C/O DANIEL BACA,

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
**Proposed Findings**

  1. THIS MATTER comes before the Court upon Defendant Baca's Motion to Dismiss, filed October 18, 2001 **(Doc. 22)**, and Plaintiff's Motion to Amend Complaint, filed November 19, 2001 **(Doc. 25)**. Plaintiff ("Tafoya") is proceeding *pro se* and *in forma pauperis*.

  2. The claims in this civil rights lawsuit arise from an incident that allegedly occurred when Plaintiff was being transported to the Lea County jail in January 1999. Tafoya alleges that inmates who were on the transport bus complained to a corrections officer that the radio was too loud and requested that it be turned down. In response, the officer turned up the radio and turned on the lights inside the bus. Tafoya then requested that the lights be turned off. According to Plaintiff, Officer Smith and Officer Baca then told him to exit the bus and began to "rough" him up while he was handcuffed and wearing leg-irons, beating him and grabbing his thumb until it bent back. Tafoya states that the resulting injuries have left him with a "scarred and disfigured thumb" and back pain. He brings these claims of cruel and unusual punishment and denial of medical care under the Eighth Amendment.

*Exhaustion*

3. Defendant's motion to dismiss is premised on Plaintiff's failure to exhaust administrative remedies, on the merits of the case, and on qualified immunity. I need only address the threshold issue of exhaustion, as it is dispositive in this case. The recent United States Supreme Court decision in <u>Booth v. Churner et al</u>, 531 U.S. 956 (S.Ct. 2001) interpreted § 1997e(a) of the Prison Litigation Reform Act"("PLRA") as requiring prison inmates to complete the prison administrative process before suing over prison conditions, regardless of whether a plaintiff is suing for injunctive relief or money damages.

4. In his response to the motion to dismiss, Plaintiff does not present any facts which indicate that he has participated in a prison exhaustion process. Instead, he claims that an adequate remedy via the administrative process is unavailable, a claim which is insufficient to waive the exhaustion requirement under <u>Booth</u>. Plaintiff is not precluded from bringing his civil rights suit; however, he must first exhaust both claims (cruel and unusual punishment *and* denial of medical care) under the prison grievance process.

*Motion to Amend*

5. In light of the grounds on which dismissal is warranted in this case, Plaintiff's motion to amend is denied as moot.

**Recommendation**

I recommend that (1) Defendant Baca's Motion to Dismiss **(Doc. 22)** be GRANTED on the basis of failure to exhaust administrative remedies, and that the case be DISMISSED WITHOUT PREJUDICE; and that (2) Plaintiff's Motion to Amend Complaint **(Doc. 25)** be DENIED AS MOOT.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

UNITED STATES MAGISTRATE JUDGE